UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANKIE L. BETSCHART,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 14-cv-05175 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 14, 15, 16).

After considering and reviewing the record, the Court finds that the ALJ erred in failing to evaluate the medical opinion from examining psychologist Kimberly Wheeler,

Ph.D.. Because this error was not harmless, the claim should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

BACKGROUND

Plaintiff, FRANKIE L. BETSCHART, was born in 1964 and was 45 years old on the alleged date of disability onset of May 10, 2010 (*see* Tr. 196-202, 210-12). Plaintiff graduated from high school (Tr. 40). Plaintiff has past work experience as a candy maker and a stock clerk (Tr. 50, 234). Plaintiff's last employment ended because symptoms from her mental impairments increased (Tr. 41).

According to the ALJ, plaintiff has at least the severe impairments of "mood disorder, not otherwise specified; posttraumatic stress disorder (PTSD); generalized anxiety disorder; and urinary tract disorder (20 CFR 404.1520(c) and 416.920(c))" (Tr. 19).

At the time of the hearing, plaintiff was living by herself (Tr. 40).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 56-67, 68-79, 124-128, 129-136). Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on October 24. 2012 (*see* Tr. 35-55). On November 8, 2012, the ALJ issued a written decision in

which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.14-34).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ provided legitimate reasons for rejecting the medical opinions of Dr. Wheeler and Dr. Barton-Haas; (2) Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible; (3) Whether or not the ALJ provided any reasons germane to Elizabeth Louise Peterson for rejecting her written lay statement; and (4) Whether or not the ALJ's finding that plaintiff can work makes any sense, in light of excessive absenteeism due to her numerous medical and mental health appointments (*see* ECF No. 14, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether or not the ALJ provided legitimate reasons for rejecting the medical opinions of Dr. Wheeler and Dr. Barton-Haas.

Dr. Wheeler evaluated plaintiff on July 19, 2010 on behalf of the Washington State Department of Social and Health Services (Tr. 297-304). Dr. Wheeler diagnosed plaintiff with Major Depression, Panic Disorder, Post Traumatic Stress Disorder, and

Cannabis use and measured her GAF score at 50. *Id.* at 300. Dr. Wheeler further opined that plaintiff's mental impairments would cause marked limitations in her ability to understand, remember and follow complex instructions; exercise judgment and make decisions; relate appropriately to co-workers and supervisors; and respond appropriately to and tolerate the pressures and expectations of a normal work setting. *Id*. at 301. Plaintiff argues the ALJ erred in failing to explain what weight, if any, he accorded this opinion (ECF No. 14, pp. 3-8). This Court agrees.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant

probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

The ALJ mentioned Dr. Wheeler's 2010 evaluation when discussing the medical evidence. However, he did not state what weight, if any, he gave the opinion (Tr. 23). Defendant acknowledged in his Response Brief that the ALJ gave this opinion no weight (ECF No 15, p. 14). As such, the ALJ's failure to provide any reason, let alone a specific and legitimate one, to discredit Dr. Wheeler's opinion was legal error.

Defendant argues that it is clear from the record as a whole that the ALJ discredited Dr. Wheeler's 2010 opinion for the same reason he discredited Dr. Wheeler's 2012 opinion, namely that it was inconsistent with the medical record (ECF No. 15, p. 14). However, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp*, *supra*, 332 U.S. at 196). The ALJ did not state why he discredited Dr. Wheeler's 2010 opinion, and defendant's argument would require the Court to guess what the ALJ was thinking. Therefore, defendant's argument amounts to improper *post*

*hoc* rationalization. The ALJ committed error in failing to properly evaluate the 2010 medical opinion from Dr. Wheeler.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)). Dr. Wheeler opined multiple functional limitations that were not included in the ALJ's RFC finding (Tr. 21). Had the opinion been accorded weight, it may have altered the disability determination. Thus, the ALJ's error was not harmless.

Plaintiff also argues the ALJ erred in evaluating Dr. Wheeler's 2012 opinion and in evaluating the medical evidence from Lorraine Barton-Haas, M.D. (ECF No. 14, pp. 3-9). As noted above, the Court has already found that the ALJ committed harmful error in evaluating the 2010 opinion of Dr. Wheeler. Upon remand, the ALJ will hold a de novo hearing and acquire updated medical evidence to complete the record. As such, the ALJ

should also reevaluate the medical evidence from Dr. Wheeler and Dr. Barton-Haas in the context of the record as a whole.

(2) Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

(3) Whether or not the ALJ provided any reasons germane to Elizabeth Louise Peterson for rejecting her written lay statement.

Plaintiff and defendant agree that the ALJ provided erroneous reasons to discredit the lay witness testimony from Elizabeth Louise Peterson (ECF No. 14, pp. 9-12; ECF No. 15, pp. 19-20). However, defendant argues this error is harmless because, as the Ninth Circuit has noted, failure to give individualized reasons for rejecting a lay witness's statement is not per se prejudicial, if the ALJ gave well supported reasons for rejecting similar testimony. *Molina*, *supra*, 674 F.3d at 1117. The lay witness testimony from Ms. Peterson was similar to plaintiff's testimony. However, as stated previously, the ALJ's credibility assessment was based in part of an improper evaluation of the medical evidence and needs to be evaluated anew upon remand. As such, the lay witness testimony should also be reevaluated upon remand.

(4) Whether or not the ALJ's finding that plaintiff can work makes any sense, in light of excessive absenteeism due to her numerous medical and mental health appointments.

The final issue raised by plaintiff revolves around whether the ALJ's residual functional capacity ("RFC") finding properly included all of plaintiff's functional limitations (ECF No. 14, pp. 17-19). This Court has already determined that the ALJ committed reversible error and will need to revaluate the medical evidence, plaintiff's credibility, and lay witness evidence upon remand. The ALJ's RFC finding relies in part on the assessment of the medical evidence, plaintiff testimony, and lay witness testimony. *See* 20 C.F.R. §§ 404.1545, 416.945. Therefore, upon remand, the ALJ should also reassess plaintiff's RFC.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 26th day of August, 2014.

J. Richard Creatura
United States Magistrate Judge